Case 1:04-cv-02109-MSK-MEH   Document 33   Filed 10/26/05   USDC Colorado   Page 1 of 7

Case 1:04-cv-02109-MSK-OES   Document 29   Filed 10/26/2005   Page 1 of 6
Case 1:04-cv-02109-MSK-OES   Document 30-3   Filed 10/25/2005   Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-2109-MK-OES
                                   MSK

TIMOTHY HASCALL,

    Plaintiff,

v.

EQUITANT, LTD, a foreign business organization, f/k/a French & Associates; and,
EQUITANT, INC., a Delaware Corporation,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 26 2005

GREGORY C. LANGHAM
          CLERK

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall include information that is confidential and implicates common law and statutory privacy interests of (a) current or former Equitant Ltd. or

Copy Sent to Client
Date 10/6/05 By [initials]

Case 1:04-cv-02109-MSK-MEH   Document 33   Filed 10/26/05   USDC Colorado   Page 2 of 7
Case 1:04-cv-02109-MSK-OES   Document 29   Filed 10/06/2005   Page 2 of 6
Case 1:04-cv-02109-MSK-OES   Document 30-3   Filed 10/25/2005   Page 2 of 7

Equitant Inc. employees; and (b) Equitant Inc., Equitant Ltd. and IBM in information related to the IBM transaction involving Equitant Ltd. and Equitant Inc., as well as other confidential, proprietary, trade secret or similar information under Fed.R.Civ.P. 26(c)(7). Documents, testimony, and other information pertaining to the Employment Agreement at issue in this case, including documents pertaining to its interpretation, terms, and negotiations; the parties' performance or nonperformance of the Agreement, Hascall's work performance; and employment-related communications between Hascall and Equitant shall not be treated as CONFIDENTIAL information.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties and designated representatives for the entity defendants;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

Case 1:04-cv-02109-MSK-MEH   Document 33   Filed 10/26/05   USDC Colorado   Page 3 of 7
Case 1:04-cv-02109-MSK-OES   Document 29   Filed 10/06/2005   Page 3 of 6
Case 1:04-cv-02109-MSK-OES   Document 30-3   Filed 10/25/2005   Page 3 of 7

(h) other persons by written agreement of the parties.

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. Any party receiving Confidential Information in the course of discovery in the above Litigation ("Receiving Party") shall not use, reveal, disclose or in any way make available such information, directly or indirectly, to any person except as provided herein, without the written permission of the Party, who produced and designated the information as Confidential Information ("Producing Party").

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. If any Confidential Information is inadvertently disclosed without being properly designated as confidential the Producing Party may notify each Receiving Party that such information should be designated either "CONFIDENTIAL", provided that the Producing Party gives such notice in writing promptly after becoming aware that the information to be designated was not properly designated. Such written notice shall identify with specificity the material the Producing Party is then designating. If the Producing Party gives such written notice as provided

Case 1:04-cv-02109-MSK-MEH   Document 33   Filed 10/26/05   USDC Colorado   Page 4 of 7

Case 1:04-cv-02109-MSK-OES   Document 29   Filed 10/06/2005   Page 4 of 6
Case 1:04-cv-02109-MSK-OES   Document 30-3   Filed 10/25/2005   Page 4 of 7

above, its claim that the material is confidential shall not be deemed to have been waived by its failure to designate it properly prior to disclosure. Upon receipt of written notice as provided for herein, the Receiving Party shall use reasonable good faith efforts to ensure that the material then designated is thereafter restricted to only those persons entitled to receive it according to its designation as set forth herein. However, no Receiving Party shall have any liability to the Producing Party for any good faith use of the "un-designated" Confidential Information prior to receiving notice from the Producing Party of its claim of confidentiality.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If

Case 1:04-cv-02109-MSK-MEH   Document 33   Filed 10/26/05   USDC Colorado   Page 5 of 7

Case 1:04-cv-0210 -MSK-OES   Document 29   Filed 10/26/2005   Page 5 of 6
Case 1:04-cv-02109-MSK-OES   Document 30-3   Filed 10/25/2005   Page 5 of 7

the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. If Confidential Information is disclosed to any persons other than in the manner authorized by this Order, the person or party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and the Court and, without prejudice to other rights and remedies of any party, make every effort to prevent further disclosure by it or by the person or persons who received such information. Damages for negligent or intentional disclosure of such material shall be decided by the Court, after opportunity for briefing and argument by the affected parties.

11. At the conclusion of this case, all originals or reproduction of any Confidential Information produced by a party or non-party (excluding documents which have been filed with the Court or contain notations of counsel or person(s) in counsel's employ, which will be destroyed) shall, at the request of the Producing Party, either be returned to the Producing Party or be destroyed. Counsel for the party so authorized to destroy a document shall in an affidavit certify in writing that such destruction has taken place. The terms of this Order shall survive and remain in full force and effect after the termination of this proceeding, and the Court shall retain jurisdiction over the parties, their attorneys, and all other persons to whom discovery materials have been

disclosed for the purpose of enforcing the terms of this Order and/or redressing any violation thereof. Insofar as the provisions of this Order restrict the use of the Confidential Information produced hereunder, such restriction shall continue to be binding after the conclusion of this case, except that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Order.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

IT IS SO ORDERED this 26 day of Oct, 2005.

BY THE COURT:

_____
United States Magistrate Judge
O. Edward Schlatter
United States Magistrate Judge
Denver, Colorado

STIPULATED AND AGREED TO:

_____
James W. Hubbell
Kelly | Haglund | Garnsey + Kahn LLC
1441 18th Street, Suite 300
Denver CO 80202
303-296-9414
Attorney for Plaintiff

_____
Henry L. Solano
LeBoeuf, Lamb, Greene & MacRae
1875 Connecticut Avenue, NW Suite 1200
Washington DC 20009-5728
202-986-8056
Attorney for Defendants

**Renee Anderson**

**From:** COD_ENotice@cod.uscourts.gov
**Sent:** Thursday, October 06, 2005 9:45 AM
**To:** COD_NEF@cod.uscourts.gov
**Subject:** Activity in Case 1:04-cv-02109-MSK-OES Hascall v. Equitant, Ltd., et al "Stipulation"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Colorado

Notice of Electronic Filing

The following transaction was received from Solano, Henry entered on 10/6/2005 at 9:44 AM MDT and filed on 10/6/2005
**Case Name:** Hascall v. Equitant, Ltd., et al
**Case Number:** 1:04-cv-2109
**Filer:** Timothy Hascall
Equitant, Ltd.
Equitant, Inc.
**Document Number:** 29

**Docket Text:**
STIPULATION *Stipulated Protective Order* by Plaintiff Timothy Hascall, Defendants Equitant, Ltd., Equitant, Ltd., Equitant, Inc. (Solano, Henry)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1071006659 [Date=10/6/2005] [FileNumber=319416-0]
[1752bd8eaf125b92eab569aa554955fe2a47f0b766715c9b4077ff263bc1bb408f43
6bdfa2f9e4c20a54f2cd9ee2c38ac9eac331fee0ce44cb1c25273cafe9ac]]

**1:04-cv-2109 Notice will be electronically mailed to:**

James W. Hubbell    jhubbell@khgk.com, randerson@khgk.com

Henry L. Solano    hsolano@llgm.com,

**1:04-cv-2109 Notice will be delivered by other means to:**

10/6/2005