IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-02109-MSK-MEH

TIMOTHY HASCALL,

      Plaintiff,

vs.

EQUITANT, LTD., a foreign business organization, f/k/a French & Associates; and
EQUITANT, INC., a Delaware Corporation,

      Defendants.

---

**ORDER ON DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER
TO STRIKE FIRST UNDISPUTED FACT**

---

      In this wrongful termination case, Defendant has moved to strike (Docket #54) an undisputed fact to which it agreed in the Amended Scheduling Order dated September 20, 2005 (Docket #28). This motion has been referred to this Court (Docket #55).  Plaintiff has filed his response.  Oral argument would not materially assist the Court in adjudicating this Motion.  For the reasons stated below, the Court **grants** the Motion.

I.    **Factual Background**

      Defendant wants to withdraw a fact to which it stipulated in the Amended Scheduling Order. That fact was, specifically, "Hascall and Equitant entered into an employment agreement effective December 1, 2001."  The issue of whether the parties had an employment agreement goes to the heart of this dispute.  Plaintiff contends that he had an agreement, and that his discharge violated the terms of that agreement.  Although Defendant stipulated to the fact stated above, it also disputed Plaintiff's allegations of the employment terms and conditions under which he allegedly began working at

Defendant. It now contends that Defendant's prior counsel should not have stipulated to this fact, and that Defendant disputes the existence of an employment agreement.

## II.   Discussion

### A.   Law Governing Amendment of the Scheduling Order

A scheduling order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). "[W]hile the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (discussing amendment of the scheduling order). Further, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).

### B.   Whether Good Cause Has Been Established Here

Although the law and this Court encourage cooperation among the parties to narrow the issues for trial, and stipulations of fact certainly play a central role in such efforts, the Court does not believe that it should rigidly bind a party to what appears to be a mistaken stipulation, especially in the absence of prejudice to the opposing party (and none is alleged here).

The Tenth Circuit has had this to say with regard to fact stipulations:

> A stipulation is an admission "which cannot be disregarded or set aside at will." *Lyles v. American Hoist & Derrick Co.,* 614 F.2d 691, 694 (10th Cir. 1980); *Vallejos v. C.E. Glass Co.*, 583 F.2d 507, 510 (10th Cir. 1978); *Stubblefield v. Johnson-Fagg, Inc.,* 379 F.2d 270, 272 (10th Cir.1967). Stipulations are not absolute, however, and may be withdrawn whenever necessary to prevent manifest injustice. *United States v. Montgomery,* 620 F.2d 753, 757 (10th Cir. 1980). *Cf. Vallejos,* 583 F.2d at 510-11 (holding party to stipulation where no manifest injustice would result). District courts consequently are vested with broad discretion in determining whether to hold a party to a stipulation or whether the interests of justice require that the stipulation be set aside. *Morrison v. Genuine Parts Co.,* 828 F.2d 708, 709 (11th Cir. 1987), *cert. denied,* 484 U.S. 1065, 108 S.Ct. 1025, 98 L.Ed.2d 990 (1988).

*Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097-98 (10th Cir. 1991).  The Court believes that the interests of justice require granting the current motion.  The issue of whether there was, indeed, an employment agreement, what its terms were (if any), and whether it was breached by Plaintiff's discharge are the central issues for any trial in this case.  The Court agrees with Plaintiff that Defendant's stipulation probably means that there was "some truth" in the fact that Plaintiff and Defendant understood there to be at least *some* terms that governed their employment relationship, but the breadth and depth of those terms are certainly in dispute.  Based on the representations of the parties and the Court's understanding of the issues in this case, the Court believes that justice requires the parties to be free to attempt to introduce evidence on both sides of the issue of an employment contract, without the burden of a formal, now non-stipulated stipulation that itself is subject to disagreement and interpretation.[1]  Good cause has been established.

### III.    Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Defendants' Motion to Modify Amended Scheduling Order to Strike First Undisputed Fact [Filed March 10, 2006; Docket #54] is **granted**, and the Amended Scheduling Order is modified to exclude the first undisputed fact.

---

[1]Indeed, Plaintiff's own response brief indicates that if the Court does not deny the current motion, it should "preserve the stipulated fact but allow the parties to introduce evidence to clarify its meaning."  The Court does not believe that it is a wise use of judicial or private resources when the orders of the Court result in the creation of new issues to be litigated.

Dated at Denver, Colorado, this 11th day of April, 2006.

BY THE COURT:


 s/ Michael E. Hegarty                              
Michael E. Hegarty
United States Magistrate Judge