IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-02109-MSK-MEH

TIMOTHY HASCALL,

      Plaintiff,

v.

EQUITANT, LTD, a foreign business organization,
f/k/a French & Associates; and,
EQUITANT, INC., a Delaware Corporation,

      Defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on the Defendants' Motion for Summary Judgment **(#72)** and supporting brief **(#73)**, to which the Plaintiff responded **(#74)** and the Defendants replied **(#76)**. Having considered the parties' written positions and the documentary evidence submitted, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Issue Presented

The Plaintiff, Timothy Hascall, asserts five claims against the Defendants, Equitant Ltd. and Equitant, Inc. (collectively, "Equitant"). All of Mr. Hascall's claims arise from his former employment with Equitant as a senior executive. He claims that when his employment was terminated, it was without cause and therefore Equitant was required to pay him severance benefits in the amount of one year of his salary. He also claims that Equitant failed to pay him a

commission in the amount of $225,000 based upon a contract entered into between Equitant and a third party, Lucent.

Mr. Hascall asserts the following claims under Colorado law: (1) breach of contract (failure to pay severance benefits); (2) breach of contract (failure to pay the commission ); (3) promissory estoppel (failure to pay severance benefits); (4) promissory estoppel (failure to pay the commission); and (5) violation of the wage claim statute (failure to pay the commission).

The issue presented is whether a trial is required on any of these claims.

### III. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish

every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### IV. Analysis

The movant in this case is Equitant; the party bearing the burden of proof is Mr. Hascall. Therefore, Mr. Hascall must come forward with sufficient competent evidence to demonstrate that a trial is required on his claims.

The Court has reviewed all of the evidence submitted by the parties and finds that Mr. Hascall has satisfied his burden of production. With regard to Claims 1 and 3, at a minimum, there is a factual dispute as to whether David Gai had authority to accept Mr. Hascall's counteroffer, and if not, whether Mr. Gai made a promise to Mr. Hascall that he would be employed by Equitant upon the terms proposed by Mr. Hascall and whether Equitant intended

Mr. Hascall to rely upon such promise. As to the remainder of the claims, at a minimum, there is a factual dispute as to whether Mr. Gai and Mr. Hascall agreed to the payment of a commission based upon a contract entered into between Equitant and Lucent. Therefore, a trial is required on all claims.

**IT IS THEREFORE ORDERED** that the Defendants' Motion for Summary Judgment **(#72)** is **DENIED**.

Dated this 30th day of October, 2006

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge